**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERRENCE MOODY, | : |
| Petitioner, | : Civil No. 10-6745 (JBS) |
| v. | : **OPINION** |
| WARDEN DONNA ZICKEFOOSE, | : |
| Respondent. | : |

**APPEARANCES:**

> TERRENCE MOODY, Petitioner Pro Se
> #41332-037
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, N.J. 08640

**SIMANDLE**, District Judge:

Terrence Moody ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the duration of his confinement on a federal sentence. Petitioner challenges the failure of the Bureau of Prisons ("BOP") to grant him prior custody credit under 18 U.S.C. § 3585(b) for time spent at the Volunteers of America as a condition of his bond, prior to the commencement of his sentence.

### I.  BACKGROUND

On March 7, 2006, Petitioner was arrested by federal authorities in Baltimore, Maryland for Conspiracy to Distribute and Possession with Intent to Distribute Cocaine, Cocaine Base and

Heroin in case number WDQ-06-CR-074.  (Resp.'s Answer, Roush Declaration, at ¶ 3 and Attachment 1.)  On that same date, Petitioner was released from federal custody on bond.  (Id.)  On June 19, 2006, Petitioner was ordered into temporary detention pending a hearing.  (Id. at ¶ 4 and Attachment 1.)  Thereafter, on June 23, 2006, Petitioner was released on bond to Pretrial Supervision and placed in the Volunteers of America.  (Id. at ¶ 4 and Attachments 1 and 3.)  On November 11, 2006, Petitioner was sentenced in the United States District Court for the District of Maryland in case number WDQ-06-CR-074 to a term of 262 months imprisonment.  (Id. at ¶ 5 and Attachment 4.)  Thereafter, on December 5, 2008, Petitioner's sentence was reduced from a 262 month term of imprisonment to a 210 month term of imprisonment.  (Id. at ¶ 6 and Attachment 5.)

The BOP determined that Petitioner's sentence commenced on November 3, 2006, the date he was sentenced, with prior custody credits for March 7, 2006 (the date he was arrested and released on bond) and for the period June 19, 2006 through June 23, 2006 (the time period from the date Petitioner was ordered into temporary detention until the date he was released via bond to pretrial supervision at the Volunteers of America).  (Id. at ¶ 7 and Attachment 6.)

On April 16, 2010, Petitioner filed a BP-8 Remedy form with the institution, seeking credit for the time spent with the

Volunteers of America.  (Pet., Ex. 1.)  In response, the Correctional Counselor stated that

> review of your judgement and commitment file revealed that on June 23, 2006, your conditions of bond were modified to include that you be placed on home confinement with electronic monitoring. On November 3, 2006, you were sentenced and detained by the U.S. Marshals to serve your current federal sentence. Your federal sentence began on November 3, 2006, the date you were sentenced. Since all the time was a condition of your bond, we are precluded from awarding this time as jail credit.

(Id.)

On May 13, 2010, Petitioner filed an appeal of the counselor's answer, stating that it must have been a mistake because the electronic monitoring was for a different 2004 case which was ultimately dismissed. (Id.) He states that he is currently seeking credit for the time he spent with the Volunteers of America, after he was released on June 23, 2006. (Id.) On June 3, 2010, the Warden answered Petitioner's complaint, stating

> Pursuant to Program Statement 5880.28, Sentence Computation Manual(CCCA of 1984) and 18 U.S.C. 3585(b), "official detention" is defined, for purposes of this policy, as time spent under a federal detention order. Time spent under restrictive conditions of release...is not official detention entitling an inmate to prior custody time credit under 18 U.S.C. 3585(b). Time spent in a residence in a CCC or a similar facility as a result of Pretrial Service Act of 1982 (18 U.S.C. 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. 3141-3143), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence...

(Resp.'s Ans. at Ex. 2.)

On June 18, 2010, Petitioner filed a Regional Appeal of the

Warden's decision. (Pet. at 14.) That appeal was denied as untimely. (Answer at Ex. 3.) On July 11, 2010, Petitioner filed an appeal to the Central Office. (Pet. at 13.) On August 10, 2010, the Central Office denied Petitioner's appeal for the same reasons as the Regional Office. (Id. at 15.)

On December 23, 2010, Petitioner filed the instant Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Docket Entry No. 1.) On January 12, 2011, the Court entered an order requiring Petitioner to submit the filing fee or a complete in forma pauperis application. (Docket Entry No. 2.) On January 24, 2011, Petitioner filed a complete in forma pauperis application and on March 18, 2011, the Court granted said application and ordered an answer. (Docket Entry Nos. 3 & 4.) On April 21, 2011, Respondent Donna Zickefoose filed an answer. (Docket Entry No. 8.) Petitioner did not file a reply.

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).

**B. Analysis**

**1. Jurisdiction**

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997); see also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See,

5

e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

This Court has subject matter jurisdiction under § 2241 to consider the claim challenging the BOP's final decision because Petitioner challenges the BOP's calculation of his release date on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition.  See Blood v. Bledsoe, 2011 WL 2689050 (3d Cir. July 12, 2011); Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

**2. Exhaustion of Administrative Remedies**

Respondent asks this Court to dismiss the Petition for failure to exhaust administrative remedies.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  Where exhaustion is required, a prisoner's procedural default in pursuing administrative remedies bars judicial review of a subsequent habeas corpus petition, absent the prisoner's demonstration of cause and prejudice for the default.

6

Moscato, 98 F.3d at 760-62(citing Davis v. United States, 411 U.S. 233 (1973)).

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id.

In this case, Respondent argues that there is no indication in the administrative record that the Regional Director or the BOP Central Office reached a decision on the merits regarding Petitioner's sentence computation claims. Specifically, the Regional Director denied the appeal as untimely because they did

7

not receive the appeal until June 25, 2010 and the Warden response was dated June 3, 2010. The Central Office affirmed the finding of untimeliness. Accordingly, Respondent argues that Petitioner has not properly exhausted his administrative remedies, and the Petition should be dismissed.

In his Petition, Petition argues that his appeal was not untimely because he received the response from the Warden on June 3, 2010 and he submitted his appeal to the Regional Office on June 18, 2010. He argues that the prison mailbox rule should apply and his appeal be deemed filed on June 18th.

In this case, even if the Court were to find that Petitioner is correct and the prison mailbox rule applies, thereby making his appeal timely, the petition must still be denied because it is clear that he is not entitled to credit.

**3. Prior Custody Credit**

18 U.S.C. § 3585 provides, in relevant part:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the

>     defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The claim for prior custody credit is governed by Reno v. Koray, 515 U.S. 50 (1995). In that case, prior to the commencement of Koray's federal sentence, a United States Magistrate Judge released him on bail pursuant to the Bail Reform Act, see 18 U.S.C. § 3142(c). "The order required that he be 'confined to [the] premises' of a Volunteers of America community treatment center without 'authoriz[ation] to leave for any reason unless accompanied' by a Government special agent." Koray, 515 U.S. at 53. Koray filed a habeas petition challenging the BOP's denial of his request for credit toward his federal sentence of the 150 days he spent confined to the treatment center.

The Supreme Court held that a federal prisoner is not "entitled to credit against his sentence under § 3585(b) for time when he was 'released' on bail pursuant to the Bail Reform Act of 1984." Id. at 54. The Court reasoned that, "under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Id. at 57.

This Court holds that, under Koray, the time Petitioner spent with Volunteers of America pursuant to the Bail Reform Act was not

9

time spent in "official detention" within the meaning of § 3585(b). It follows that the BOP did not abuse its discretion in refusing to credit this time against Petitioner's federal sentence. See United States v. Garcia, 362 Fed. App'x 293, 296 n.3 (3d Cir. 2010) (noting that a federal prisoner is not entitled to prior custody credit pursuant to § 3585(b) for the time he spent on home confinement while released under the Bail Reform Act).

### III. CONCLUSION

For the above-stated reasons, the Petition will be denied with prejudice.  An appropriate order follows.


Dated:  **October 31, 2011**

                                       **s/ Jerome B. Simandle**
                                       JEROME B. SIMANDLE
                                       UNITED STATES DISTRICT JUDGE